UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTINE UPORSKY, )
)
    Plaintiff )
)
v. ) Case No.:
)
HAYT, HAYT & LANDAU, LLC, ) COMPLAINT AND DEMAND FOR
) JURY TRIAL
    Defendant )
) (Unlawful Debt Collection Practices)

## COMPLAINT

CHRISTINE UPORSKY ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against HAYT, HAYT & LANDAU, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

- 1 -

PLAINTIFF'S COMPLAINT

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in East Stroudsburg, Pennsylvania, 18301.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a law firm engaged in the business of collecting debts, having an office located at 400 Market Street, 6th Floor, in Philadelphia, Pennsylvania 19106.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

- 3 -

PLAINTIFF'S COMPLAINT

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Beginning in or around April 2010, and continuing through June 2010, Plaintiff received numerous telephone calls from Defendant seeking and demanding payment on an alleged debt owed to Merrick Bank.

18. Plaintiff informed Defendant that she had made payment arrangements with Merrick Bank; however, Merrick Bank had refused to put the payment arrangements in writing, which caused Plaintiff to stop making payments, since she could not be certain that Merrick Bank would honor the arrangements made with her.

19. Plaintiff also informed Defendant that the interest Merrick Bank had been charging her was 37%, and as a result, she was unable to pay off the balance.

20. Plaintiff disclosed to Defendant that she has terminal cancer and lives on Social Security Disability Insurance.

21. Defendant, however, continued to make repeated telephone calls to Plaintiff in its attempts to collect a debt.

22. On one occasion, Defendant threatened Plaintiff that if she did not pay the debt that a lawsuit would be filed against her and her wages would be garnished, despite knowing that in Pennsylvania, an individual's wages cannot be garnished to satisfy an outstanding consumer debt.

23. Then, on June 17, 2010, Defendant filed a Civil Complaint in the Court of Common Pleas for Monroe County on behalf of Merrick Bank, seeking judgment against Plaintiff in the amount of $1,342.04. See Exhibit A, Civil Complaint.

24. A hearing on Defendant's complaint was set for July 22, 2010. See Exhibit A, Civil Complaint.

25. Thereafter, Plaintiff notified the Court that she intended on entering a defense and would be attending the July 22, 2010, hearing.

26. Upon receiving notification that Plaintiff intended to enter a defense, Defendant withdrew the civil complaint.

27. Defendant's filing of a civil complaint against Plaintiff was nothing more than a threat, as Defendant withdrew the complaint shortly after being notified that Plaintiff was going to defend against the imposition of a judgment.

28. Defendant's actions in attempting to collect the alleged debt were harassing and highly deceptive.

29. Upon information and belief, Defendant acted with malicious, intentional, willful, negligent and wanton disregard for the Plaintiff's rights with the purpose of coercing the Plaintiff into paying the alleged debt and that the Defendant thereby caused the Plaintiff harm.

## CONSTRUCTION OF APPLICABLE LAW

30. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233

F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); <u>Clomon v. Jackson</u>, 988 F. 2d 1314 (2d Cir. 1993).

31. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

32. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." <u>Id.</u> The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

33. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated of the FDCPA generally;

    b. Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    c. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    d. Defendant violated §1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in the garnishment of any wages of any person, where such action is not lawful and the debt collector did not intend to take such action;

    e. Defendant violated §1692e(5) of the FDCPA by threatening to take an action that cannot legally be taken or that is not intended to be taken;

    f. Defendant violated §1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

    g. Defendant violated §1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt; and

    h. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, CHRISTINE UPORSKY, respectfully prays for a judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHRISTINE UPORSKY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 06/15/11

KIMMEL & SILVERMAN, P.C.

By: */s/ Craig Thor Kimmel*
CRAIG THOR KIMMEL
Attorney ID. No. 57100
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

- 8 -

PLAINTIFF'S COMPLAINT