UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTINE UPORSKY,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:11-1140 |
| v. | : | (MANNION, M.J.) |
| **HAYT, HAYT & LANDAU, LLC,** | : | |
| **Defendants** | : | |
| | : | |

### **MEMORANDUM AND ORDER**[1]

Pending before this court is the defendant's motion to quash, stay, or limit discovery, (Doc. No. 49); the defendant's brief in support, (Doc. No. 50); the plaintiff's brief in opposition, (Doc. No. 51); and, the defendant's reply brief, (Doc. No. 52). The defendant has filed a motion for a protective order limiting discovery due to the plaintiff's alleged efforts to "annoy, embarrass, oppress, unduly burden and expose [the defendant] to undue expense." (Doc. No. 52). The plaintiff opposed the motion, alleging that the discovery requests are relevant to the claims set forth in the plaintiff's complaint and may lead to the discovery of relevant, admissible evidence. Further, the plaintiff requests costs and fees related to responding to this motion.

The defendant claims that the plaintiff's discovery requests to re-depose the defendant's Federal Rule of Civil Procedure 30(b)(6) witness, Mr. Martin Rubin, and to depose Arthur Lashin subject the defendant to an undue

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

burden. For this reason, the defendant has filed a motion to quash. The defendant has also requested a stay of discovery pending the disposition of the defendant's motion for summary judgement, arguing that there are no factual matters in dispute in the case. For the following reasons, the defendant's motion to quash, stay, or limit discovery is **DENIED**. (Doc. No. 49). Further, the defendant's motion for summary judgment is **DISMISSED**, without prejudice. (Doc. No. 34). Finally, the plaintiff's motion for costs and fees is **DENIED**.

### I. BACKGROUND

On June 15, 2011, the plaintiff filed a Fair Debt Collection Practices Act claim against the defendant for alleged violations of 15 U.S.C. §1692 *et seq*. (Doc. No. 1). The plaintiff alleged that she received numerous phone calls from the defendant beginning around April 2010 through June 2010, during which the defendant sought and demanded payment on an alleged debt owed to Merrick Bank. Id. Plaintiff also alleged that the defendant once threatened that if she did not pay the debt, the defendant would file a lawsuit against her and her wages would be withheld. Id. The plaintiff also alleged that the defendant improperly used state court proceedings by filing a Civil Complaint in the Court of Common Pleas in Monroe County and later withdrawing the Civil Complaint when the plaintiff made it known she would defend against the suit. Id.

This Court has granted three motions for extensions of time to complete discovery. (Doc. Nos. 21, 25 and 33). On May 21, 2012, this Court conducted a telephonic discovery dispute conference. When the plaintiff requested a fourth motion for extension of time to complete discovery, this Court held an in-person discovery dispute hearing on June 20, 2012. (Doc. Nos. 42 - 47).

Following this hearing, on July 13, 2011, the defendant filed the instant motion to quash, stay, or limit discovery. (Doc. No. 49). This matter is ripe for disposition.

## II. DISCUSSION

The scope of discovery in federal litigation is broad. *See* Fed.R.Civ.P. 26. Courts typically allow broad opportunity in discovery so that parties have "the fullest possible knowledge of the issues and facts before trial." Hickman v. Taylor, 329 U.S. 495 (1947). Pursuant to Federal Rule of Civil Procedure 26(b)(1), a party is entitled to discovery of "any matter, not privileged, which is relevant to the subject matter in the pending action." Fed.R.Civ.P. 26(b)(1); *see* Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). It is not required that information sought be admissible at trial. Id.

Pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(vi), a court must quash a subpoena if it is unduly burdensome. Fed.R.Civ.P. 45(c)(3)(A)(vi); *see* Linsday v. C.R. Bard, Inc., 2011 WL 240104, at *1 (M.D.Pa. Jan. 24, 2011.) The moving party, here the defendant seeking to quash the subpoenas, has the burden of demonstrating that the requirements of Rule 45 are satisfied. *See* Lefta Associates v. Hurley, 2011 WL 1793265, at *3 (M.D.Pa. May 11, 2011).

Reasoning that the information sought through discovery would tend to prove the allegations supporting the plaintiff's claim for relief, the Court finds that the subject matters of the discovery requests are relevant pursuant to Federal Rule of Civil Procedure 26(b)(1). The Court makes no determination at this time as to whether the information would be admissible at trial. The defendant has not alleged any specific or significant burden that is sufficient

to justify quashing the subpoenas. Accordingly, the Court finds no grounds to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(vi).

The defendant also filed a motion to stay discovery pending disposition of defendant's motion for summary judgment. Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to Federal Rule of Civil Procedure 56(f), the court may stay a motion for summary judgment while the party opposing the motion conducts discovery to ascertain facts to justify his or her opposition. Fed.R.Civ.P. 56(f). Reasoning that the subject matter of the discovery sought by the plaintiff is relevant, the defendant's motion for summary judgment is dismissed, without prejudice, pending completion of discovery.

A motion for a protective order is an appropriate method for challenging an inappropriate discovery request. Pursuant to Federal Rule of Civil Procedure 26(c), a court can issue a protective order to prevent undue burden. Fed.R.Civ.P. 26(c). A party seeking a protective order must show that the requirements of Federal Rule of Civil Procedure 26(c) are met. *See* Cipollone v. Ligget Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). A party must also show that good cause exists for a protective order and that "disclosure will cause a clearly defined and serious injury." *See* Grosek v. Panther Transp., Inc., 251 F.R.D. 162, 164 (M.D. Pa. 2008). The burden of persuasion is not met through broad allegations of harm. *See* Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. Pa. 1995) (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786(3rd Cir. 1994)).

The defendant's motion asserts that the court would subject the defendant to an undue burden if the court allows discovery as to any matters or litigation handled by the defendant other than the collection lawsuit against plaintiff. Additionally, it asserts that it would be an undue burden if the court allows the subject matter of depositions directed to Mr. Martin Rubin and Mr. Arthur Lashin to expand beyond that identified in the previous deposition notices. Alleging that no genuine issues of material fact exist, the defendant claims that the purpose of the plaintiff's discovery requests is to "annoy, embarrass, oppress, unduly burden and expose [the defendant] to undue expense." (Doc. No. 52). The defendant argues that a protective order covering the above topic areas is appropriate, but fails to offer any "evidence indicating that the sole reason behind plaintiff's request is to harass and annoy." *See* Linsday v. C.R. Bard, Inc., 2011 WL 240104, at *2 (M.D.Pa. Jan. 24, 2011.)

The plaintiff, on the other hand, contends that she seeks factual information from the defendant.[2] The defendant has failed to establish sufficient facts to support its motion for a protective order and, therefore, has not met its burden. The defendant's motion for a protective order is DENIED.

---

[2] The plaintiff seeks information to include "communications with Plaintiff; the determination and calculation of the amounts sought by Hayt, Hayt & Landau ("HHL"); its collection notes/collection logs related to Plaintiff; it's investigation into claims made by Plaintiff; any and all information related to the factual basis for its Answer; any and all information related to its defenses contained in the Answer; correspondence to and from Merrick Bank relating to Plaintiff's collection account; any and all other information related to Plaintiff's claims against Defendant; all documents produced to Plaintiff by Defendant in the course of this case; and all documents relating to Plaintiff." (Doc. No. 51).

The plaintiff's request for fees and costs associated with responding to defendant's motion is DENIED. Although the court agrees that the defendant failed to provide a comprehensive legal justification in its motion for a protective order, the court is unwilling, at this time, to impute to the defendant any nefarious motive. The court finds the imposition of a penalty unwarranted.

The Court reminds the parties that pursuant to Federal Rule of Civil Procedure 30(b)(6), once a plaintiff notices the deposition and describes the subject matter with reasonable particularity, a defendant must designate someone to testify. Fed.R.Civ.P. 30(b)(6). If a designee cannot respond adequately to relevant areas of inquiry, the party has a duty to provide a knowledgeable deponent.

Further, in federal court, there are limited grounds upon which one may direct that a witness not to answer a question during a deposition. Fed.R.Civ.P. 30(c)(2). Regarding objections made during depositions, Rule 30(c)(2) states that, "an objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." The Federal Rules of Civil Procedure are to be adhered to in this regard and in all other regards.

The sanctions for failure to cooperate in discovery are provided for in Federal Rule of Civil Procedure 37(a)(5) and Federal Rule of Civil Procedure 26(g)(3), as well as 28 U.S.C. §1927. Counsel are specifically reminded that the Court also has inherent power to impose sanctions where appropriate. *See* Chambers v. NASCO, Inc., 501 U.S. 32, 42 (U.S. 1991). Further, when a

defendant acts willfully or in bad faith to obstruct discovery, sanctions for failure to comply with Federal Rule of Civil Procedure 30(b)(6) are appropriate. *See* Fed.R.Civ.P. 37.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) the defendant's motion to quash, stay or limit discovery, (Doc. No. 49), is **DENIED**;

(2) the parties are directed to respond to outstanding discovery requests on or before September 28, 2012;

(3) the defendant's motion for summary judgment is **DISMISSED**, without prejudice, pending completion of discovery, (Doc. No. 34); and

(4) the plaintiff's motion for fees and costs associated with responding to the defendant's motion, (Doc. No. 51), is **DENIED.**


  **s/** *Malachy E. Mannion*
  **MALACHY E. MANNION**
  **United States Magistrate Judge**

**Date: September 7, 2012**

O:\shared\MEMORANDA\2011 MEMORANDA\11-1140-01.wpd